764 A.2d 857

Carl E. BUSKIRK

v.

C.J. LANGENFELDER & SON, INC., et al.

No. 300, Sept. Term, 2000.

Court of Special Appeals of Maryland.

Jan. 3, 2001.

John J. Schruefer, Jr. (Seigel, Tully, Furrer, on the brief), Baltimore, for appellant.

Mark T. Krause (McNamara, Fizer & Dent, on the brief), Baltimore, for Employer and Insurer, Langenfelder & Son.

George E. Barrett, on the brief, Baltimore, for appellee, Subsequent Injury Fund.

Argued before DAVIS, SALMON and EYLER, JJ.

EYLER, Judge.

At all times relevant to this appeal, a petition to modify a workers' compensation award had to be filed within five years after the date of the last compensation payment. Md. Code (1999 Repl. Vol.), Labor & Employment (LE) section 9–736. The issue presented in this case is whether a claimant who files a petition to reopen an award within that five-year period alleging a worsening of condition but not alleging a change in disability status, and not requesting a modification of disability status, is in compliance with section 9–736 when the claimant does seek such a modification after the five-year period has run. We hold that, when a petition to reopen to modify an award is based on a change in disability status, the petition must be filed within the five year period and allege a change in disability status, with a basis in fact, as opposed to

merely alleging continuing medical treatment. Because there was no such request nor a showing of such a basis in this case, we hold that the petition was not timely filed and affirm the Circuit Court for Allegany County, which affirmed the decision of the Workers' Compensation Commission (Commission).

## Factual Background

Carl E. Buskirk, appellant, filed a workers' compensation claim against C.J. Langenfelder & Son, employer, and Maryland Casualty Company, insurer, both appellees.

The parties have submitted the case on an Agreed Statement of Facts as follows:

1. The Claimant in this Workers' Compensation appeal, received a Supplemental Award of Compensation on January 9, 1989, finding that he had a 60% industrial loss of use of his body, 35% of the disability to his back attributable to the October 22, 1986 work injury, and 25% due to pre-existing conditions. Under the Supplemental Award, the Employer and Insurer were directed to pay the Claimant 175 weeks of benefits, and, beginning at the end of the compensation paid by the Employer and Insurer, the Subsequent Injury Fund was directed to pay 125 weeks of benefits to the Claimant.

2. The Employer and Insurer made their last payment of benefits to the Claimant on March 28, 1990, and thereafter the Subsequent Injury Fund made its final payment on July 31, 1992.

3. On or about May 13, 1993, the Claimant filed a Petition to Reopen for Worsening of Condition. That Petition was also accompanied by a letter asking the Commission not to schedule a hearing in this case until one was requested. In accordance with the Claimant's request, no hearing date was scheduled by the Commission. That Petition to Reopen was never withdrawn.

4. The medical treatment that precipitated the Petition to Reopen, was a May 5, 1993 office visit with Dr. Jose Corvera. Following that, the Claimant did not see Dr.

Corvera again until September 26, 1996. At that time, Dr. Corvera recommended an MRI scan of the lumbar spine.

5. On or about January 16, 1997, the Claimant filed Issues with the Commission seeking "Medical Care and Treatment—MRI lumbar spine—Dr. Corvera." Thereafter, the Commission scheduled a hearing on the Claimant's Issues on June 17, 1997. The Subsequent Injury Fund requested a postponement of that hearing on the basis that "the issue in this case is worsening of condition" and the Fund had not received any medical reports since the last Award. The Claimant responded with a Request for Document Correction, stating that "the issue is medical care—authorization for MRI" and that the case should not be postponed. Subsequently, the Employer and Insurer agreed to pay the outstanding MRI bill, and the Claimant filed a Request for Continuance of the June 17, 1997, indicating that the Issues were resolved by the parties.

6. In June of 1997, the Claimant resumed treatment with Dr. Corvera, and on September 15, 1997, the Claimant filed Issues with the Commission, along with a Request for Reopening, Reconsideration, or Rehearing. The Issues raised by the Claimant included medical care and treatment, as well as temporary total disability benefits from July 21, 1997 to the present and continuing.

7. On or about January 7, 1998, the Employer and Insurer filed Issues regarding whether the claim for temporary total disability benefits is barred by limitations under Section 9–736(b) of the Act. On June 2, 1998, a hearing was held before the Commission, and as a result, on June 5, 1998, the Commission issued an Order finding that the Petition to Reopen was not timely filed within the five year limitation period. Thereafter, the Claimant filed a timely request for Rehearing which was denied by the Commission in an Order dated July 8, 1998. The June 5, 1998 and July 8, 1998 Orders are the subject of this Petition for Judicial Review.

## Discussion

The relevant statutory provision is LE section 9–736, which provides:

**Readjustment; continuing powers and jurisdiction; modification .**

(a) *Readjustment of rate of compensation.*—If aggravation, diminution, or termination of disability takes place or is discovered after the rate of compensation is set or compensation is terminated, the Commission, on the application of any party in interest or on its own motion, may:

(1) readjust for future application the rate of compensation; or

(2) if appropriate, terminate the payments.

(b) *Continuing powers and jurisdiction; modification.*— (1) The Commission has continuing powers and jurisdiction over each claim under this title.

(2) Subject to paragraph (3) of this subsection, the Commission may modify any finding or order as the Commission considers justified.

(3) Except as provided in subsection (c) of this section, the Commission may not modify an award unless the modification is applied for within 5 years after the last compensation payment.

(c) *Estoppel; fraud.*—(1) If it is established that a party failed to file an application for modification of an award because of fraud or facts and circumstances amounting to an estoppel, the party shall apply for modification of an award within 1 year after:

(i) the date of discovery of the fraud; or

(ii) the date when the facts and circumstances amounting to an estoppel ceased to operate.

(2) Failure to file an application for modification in accordance with paragraph (1) of this subsection bars modification under this title.

As is apparent from the above, the parties agree that the date of the last disability benefit payment was July 31, 1992, and that on May 13, 1993, appellant filed a "Petition to Reopen for Worsening of Condition," which was never withdrawn. The petition recited that "claimant has had an increased

worsening of condition" and that the claimant "has seen a physician for these further difficulties." The petition did not allege a change in disability status, nor did it request modification of claimant's disability status or any other relief. The petition was accompanied by a letter requesting that the case not be scheduled for a hearing.

The petition was precipitated by appellant's visit, on May 15, 1993, to Dr. Jose Corvera. Appellees paid for that visit. Appellant again visited Dr. Corvera on September 26, 1996, at which time Dr. Corvera recommended an MRI scan of appellant's lumbar spine.

On January 16, 1997, appellant filed "issues" with the Commission, seeking "medical care and treatment—MRI lumbar spine—Dr. Corvera." The issues were raised on a preprinted form designed for that purpose. The issues were resolved when appellees agreed to pay the bill for the MRI.

On September 15, 1997, appellant filed "issues" with the Commission, plus a "Request for Reopening, Reconsideration, or Rehearing." Both of these documents were submitted on preprinted forms. The form entitled "Request for Reopening, Reconsideration, or Rehearing" contained a section entitled "type action requested" with the possibilities being (1) reopening due to a worsening of the claimant's condition, (2) reconsideration of a former decision, and (3) rehearing. The reopening block was checked. The issues raised were medical care and treatment and temporary total disability from July 21, 1997.

On January 7, 1998, appellees filed issues, on the applicable preprinted form, raising the question whether the claim for temporary total disability benefits from July 21, 1997, was barred by section 9–736(b). The Commission held that the "Request for Reopening" filed on September 15, 1997, was not timely and the "petition to reopen" filed on May 13, 1993, did not, as appellant contended, satisfy the timing requirements. The Commission's decision was affirmed by the Circuit Court for Allegany County.

## Discussion[1]

We acknowledge that the procedural requirements before the Commission are less formal than those contained in the Maryland Rules of Procedure. We understand that the general practice before the Commission, when a claimant seeks a modification of an award, is to file a petition to reopen or for modification, which may contain general or specific allegations. Niceties of pleading are not required, but pre-printed forms are available and have been available since 1995 for this and other purposes. We also understand, however, that the general practice for serving notice on parties and the Commission as to the specific matters to be decided is to raise "issues." One preprinted form, which may be used for that purpose, contains a list of specific matters. The appropriate box(es) can be checked, and "other" matters can be added. If a claimant wishes to modify an award relating to his or her disability status, that "issue" would normally be raised in the petition to reopen or by separate "issue" in conjunction with the petition to reopen.

In the case before us on May 13, 1993, appellant filed a petition which, in general, alleged a worsening of condition. The petition did not contain a request for hearing, nor did it raise an issue as to disability status. It was not until the request for reopening filed on September 15, 1997, after expiration of the five-year limitations period contained in section 9–736, that appellant gave notice of his intention to reopen his original claim due to a change in disability status. All of the information contained in the "issues" raised within the five-year period related to appellant's medical condition and not to his disability status.

---

1. The parties have not raised the question of whether this case is properly appealable. We have considered it, however, and have concluded that it is properly before us. A mere refusal to reconsider a prior final ruling is ordinarily not appealable. *See Blevins v. Baltimore County,* 352 Md. 620, 634–35, 724 A.2d 22 (1999). We conclude, however, that the Commission's ruling before us was not such a refusal but rather decided for the first time the issue of timeliness. *See id.* at 635, 724 A.2d 22.

The question before us is one of statutory interpretation—a legal question. When interpreting section 9–736, we strive to "ascertain and effectuate the intention of the legislature." *Vest v. Giant Food Stores, Inc.*, 329 Md. 461, 466, 620 A.2d 340 (1993)(interpreting art. 101 § 40(c), predecessor to LE § 9–736)(citing *Mustafa v. State*, 323 Md. 65, 73, 591 A.2d 481 (1991)). In making this determination, we look first to the statute's language. *Vest*, 329 Md. at 466, 620 A.2d 340 (citing *Revis v. Maryland Auto. Ins. Fund*, 322 Md. 683, 686, 589 A.2d 483 (1991)). In order to understand its language, the statute "must be examined as a whole and the interrelationship or connection among all its provisions are considered." *Vest*, 329 Md. at 466–67, 620 A.2d 340 (citing *Howard County Asso. for Retarded Citizens, Inc. v. Walls*, 288 Md. 526, 530, 418 A.2d 1210 (1980)). While conducting this examination, if an ambiguity arises, the Act will be construed "as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes." *Vest*, 329 Md. at 467, 620 A.2d 340 (quoting *Howard County Asso. for Retarded Citizens*, 288 Md. at 530, 418 A.2d 1210).

The period of limitations applicable to petitions to reopen, currently embodied in LE section 9–736, has "in one form or another . . . been a part of the Workers' Compensation Act since its inception in 1914." *Vest*, 329 Md. at 472, 620 A.2d 340; *see Holy Cross Hospital, Inc. v. Nichols*, 290 Md. 149, 154–55, 428 A.2d 447 (1981). Originally, the Commission could reopen an award at any time. *Vest*, 329 Md. at 472, 620 A.2d 340; *see Holy Cross Hospital*, 290 Md. at 154, 428 A.2d 447 (citing Acts of 1914, ch. 800, §§ 39, 42, and 53). In 1924, section 53 was incorporated into the Annotated Code of Maryland (1924), Article 101, section 54, without change. In 1931, the General Assembly curtailed the Commission's broad authority to modify awards by limiting review to those petitions received within one-year of the final compensation payment. Ch. 342 of the Acts of 1931, § 1.

In 1935, the General Assembly again amended section 54, and expanded the period of limitations for seeking a modification to three years. Ch. 236 of the Acts of 1935 (codified as

amended at Ann.Code of Md. (1939), Art. 101, § 66); *see Vest,* 329 Md. at 473, 620 A.2d 340 (explaining that the three year statute of limitations applied to all awards, not just those which were final). In 1951, the limitations period was recodified as Annotated Code of Maryland (1951), Article 101, section 53, and in 1957, it was recodified as Maryland Code (1957), Article 101, section 40(c). Ch. 814 of the Acts of 1957.

In 1969, the General Assembly amended section 40(c) in order to allow an award to be modified "within five years next following the last payment of compensation." Ch. 116 of the Acts of 1969, § 1. In 1991, the General Assembly again recodified section 40(c), without substantive change, as Maryland Code (1991), Labor and Employment Article (LE), section 9–736. Ch. 8 of the Acts of 1991, § 2.

The language and history of section 9–736 reveals the General Assembly's intent to restrict the Commission's authority to reopen prior awards. *See Waskiewicz v. GMC,* 342 Md. 699, 712, 679 A.2d 1094 (1996), *overruled on other grounds by Mayor of Baltimore v. Schwing,* 351 Md. 178, 180, 717 A.2d 919 (1998); *Vest,* 329 Md. at 475–76, 620 A.2d 340. At the same time, the General Assembly has provided a claimant with a comparatively long time period to reopen an award. *See Stevens v. Rite–Aid Corp.,* 340 Md. 555, 565, n. 11, 667 A.2d 642 (1995) ("Maryland's reopening provision has been described as 'one of the widest reopening provisions in the country.'" (quoting Richard P. Gilbert & Robert L. Humphreys, Jr., MARYLAND WORKERS' COMPENSATION HANDBOOK 155 (2d ed.1993))).

 Ordinarily, remedial legislation is "construed liberally in favor of injured employees in order to effectuate the legislation's remedial purpose." *Marsheck v. Board of Trustees of the Fire & Police Employees' Retirement Sys.,* 358 Md. 393, 403, 749 A.2d 774 (2000); *see Martin v. Beverage Capital Corp.,* 353 Md. 388, 400, 726 A.2d 728 (1999); *Montgomery County v. McDonald,* 317 Md. 466, 472, 564 A.2d 797 (1989). This general rule of construction does not apply to limitations provisions, however, including the one in question. *See Ste-*

*vens v. Rite–Aid Corp.,* 340 Md. 555, 569, 667 A.2d 642 (1995) ("The general rule of liberal construction of the Workers' Compensation Act is not applicable to the limitations provision of section 9–736.").

While the issue before us is one of first impression, prior appellate decisions have strictly applied the five-year bar contained in LE section 9–736. As previously stated, the Commission may not modify an award unless the modification is applied for within five years after the last compensation payment. The Court of Appeals in *Holy Cross Hospital v. Nichols,* held that medical benefits are not included within the definition of "compensation" as used in section 40(c), section 9–736's predecessor. 290 Md. 149 at 163, 428 A.2d 447. The Court stated,

> Reopening of disability is not tied to the unlimited obligation for medical benefits. . . . Rather, one who receives medical benefits and who seeks to reopen 'an award of compensation' must do so within five years from the last payment of compensation. . . .

*Id.*

More recently, the Court of Appeals in *Vest v. Giant Food Stores, Inc.,* stated that for limitations purposes it did not matter if disability benefits had been determined without a hearing, whether the disability was temporary or permanent. 329 Md. at 466, 620 A.2d 340. In *Vest,* the claimant received temporary total and permanent partial disability benefits over the course of eighteen months for a compensable back injury. Seven years after receiving his last payment of compensation in April 1982, Vest submitted a formal request to reopen his claim based on a change in disability status. Vest argued that the limitations provision in section 40(c) (predecessor statute to section 9–736) did not apply because his case had been decided, administratively, on the record without a hearing, or in the alternative, that the original award was for temporary, not permanent, disability. The Court of Appeals disagreed and held that the five-year period of limitations applied to all awards. *Vest,* 329 Md. at 471–72, 620 A.2d 340 (citing 2

Arthur Larson, *Worker's Compensation,* § 81.10, at 15–94 to 15–95 (Desk ed.1976), *recodified as* 8 Arthur Larson, WORKERS' COMPENSATION LAW, § 131.01 (Bender 2000)).

In *Stevens v. Rite–Aid Corp.,* Rite–Aid and its insurer were ordered by the Commission to pay Ms. Stevens attorneys fees and costs as a sanction. 340 Md. at 564, 667 A.2d 642. Rite–Aid and its insurer appealed. Ms. Stevens then filed a petition to reopen approximately six years after receipt of her last payment of benefits, but within five years after receiving the awards for attorneys' fees and costs. *Id.* at 560–61, 667 A.2d 642. The Court held that the award of attorney's fees and costs were sanctions, not compensation, and thus her petition to reopen was filed outside the five-year statutory period. *Id.* at 567–68, 667 A.2d 642; *cf. Chanticleer Skyline Room v. Greer,* 271 Md. 693, 319 A.2d 802 (1974) (attorneys' fees included within the meaning of compensation).

In the case before us, appellant argues that his petition filed on May 13, 1993, placed the Commission on notice of his worsening condition because, although resolved by the parties, the petition was never withdrawn. We do not agree. Appellant's May 13, 1993, petition was filed to seek medical benefits, which were paid. The petition did not allege or request a change in disability status. Appellant's reasoning is contrary to the General Assembly's intent in enacting section 9–736 and would allow all recipients of workers compensation to file a protective petition for modification and avoid the statute of limitations in the event a change in disability status occurred at a future date. *See McMahan v. Dorchester Fertilizer Co.,* 184 Md. 155, 160, 40 A.2d 313 (1944)("Accordingly, the Courts should refuse to give statutes of limitations a strained construction to evade their effect.").

For the aforegoing reasons, we affirm the judgment of the Circuit Court for Allegany County.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**