<u>Mark G. Hranicka v. Chesapeake Surgical, Ltd., et al.</u>, No. 83, September Term, 2014

**WORKERS' COMPENSATION – MD. CODE ANN., LABOR & EMPL. (1991, 2008 REPL. VOL.) § 9-709(b)(3) – STATUTE OF LIMITATIONS – CLAIM FOR BENEFITS – ELECTRONIC SUBMISSION – FILING –** Court of Appeals held that employee's claim was time-barred under Md. Code Ann., Labor & Empl. (1991, 2008 Repl. Vol.) § 9-709(b)(3) where claim was electronically submitted to Workers' Compensation Commission ("Commission") before expiration of two-year period, but not filed on paper until after expiration of two-year period. Stated otherwise, Court of Appeals held that, under relevant statutes and regulations, electronic submission of claim does not constitute "filing" pursuant to Code of Maryland Regulations 14.09.02.02A, and Commission erred in ruling that date of claim could, for purposes of statute of limitations, be date of claim's electronic submission.

Circuit Court for Baltimore City
Case No. 24-C-12-004313

Argued: May 7, 2015

IN THE COURT OF APPEALS

OF MARYLAND

No. 83

September Term, 2014

_____

MARK G. HRANICKA

v.

CHESAPEAKE SURGICAL, LTD., ET AL.

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Watts, J.
Barbera, C.J., Greene and McDonald, JJ.,
concur

_____

Filed:  June 18, 2015

We decide whether an employee's workers' compensation claim is time-barred under Md. Code Ann., Labor & Empl. (1991, 2008 Repl. Vol.) ("LE") § 9-709(b)(3), a two-year statute of limitations, where the claim is electronically submitted to the Workers' Compensation Commission ("the Commission") before expiration of the two-year period, but not filed on paper until after expiration of the two-year period.

We hold that an employee's claim is time-barred under LE § 9-709(b)(3) where the claim is electronically submitted to the Commission before expiration of the two-year period, but not filed on paper with the Commission until after expiration of the two-year period. Stated otherwise, we hold that, under the relevant statutes and regulations, electronic submission of a claim does not constitute "filing" pursuant to Code of Maryland Regulations ("COMAR") 14.09.02.02A,[1] and the Commission erred in ruling that the filing date of a claim could, for purposes of the statute of limitations, be the date of the claim's electronic submission.

## BACKGROUND

### *First Claim*

This case arises out of a workers' compensation claim filed by Mark G. Hranicka ("Hranicka"), Petitioner, as a result of an injury sustained during a motor vehicle accident on January 6, 2010. On January 14, 2010, Chesapeake Surgical, Ltd. ("the Employer"), Respondent, prepared a "Workers Compensation—First Report of Injury or Illness." The

---

[1]COMAR 14.09.02.02 was previously codified as COMAR 14.09.01.06 before being renumbered without substantive change. To avoid confusion, we refer to the regulation's current version.

Employer and NorGUARD Insurance Company ("the Insurer"), Respondent, mailed to the Commission the First Report of Injury or Illness, which was received and filed by the Commission on January 21, 2010.

On January 14, 2010, Hranicka completed and executed a C-1 Claim Form, which was filed on paper with and date stamped by the Commission on January 28, 2010, and assigned claim number "W016210." On February 3, 2010, the Commission issued a "Notice of Employee's Claim" and assigned a "consideration date" of February 24, 2010, for Respondents to contest the claim. Respondents contested the claim before the consideration date deadline, and the case was set for a hearing before the Commission. On May 20, 2010, at the hearing, the parties appeared before the Commission, and Hranicka requested that his workers' compensation claim be withdrawn. On May 24, 2010, the Commission ordered that the workers' compensation claim be withdrawn.

### *Second Claim*

Nothing further concerning Hranicka's workers' compensation claim occurred until 2012. On January 17, 2012, Hranicka electronically submitted to the Commission a second C-1 Claim Form, identifying the date of the accident as January 6, 2010. The Commission's online program recorded the date and time of the electronic submission at the bottom of the second C-1 Claim Form, underneath the signature and date lines, as "Received: 1/17/2012 11:26:13 AM." On January 20, 2012, Hranicka executed two forms: (1) the second C-1 Claim Form, which he had electronically submitted on January 17, 2012; and (2) an "Authorization for Disclosure of Health Information." On January 24, 2012, the executed second C-1 Claim Form was filed on paper with and date stamped by

the Commission, and assigned claim number "W032036." On that same day, January 24, 2012, the authorization form was filed with the Commission. On January 27, 2012, the Commission issued a new "Notice of Employee's Claim" and assigned a consideration date of February 17, 2012, for Respondents to contest the claim. The new "Notice of Employee's Claim" stated that Hranicka's C-1 Claim Form was received on January 24, 2012, the date on which the paper copy was filed. On February 12, 2012, Respondents contested the claim, contending that the claim was time-barred by LE § 9-709(b)(3).

On May 31, 2012, the Commission conducted a hearing at which Commissioner Cynthia S. Miraglia ("Commissioner Miraglia") presided. During the hearing, Commissioner Miraglia stated:

> [Hranicka]'s claim form came in on the 17th. When an electronic claim is filed, we accept the claim for statu[t]e [of limitations] purposes. But you cannot file an electronic signature because of the concern of privacy and security. So the claim is -- for limitation[s] purposes on the 17th. However, we don't have a final notice until we get in the signed claim forms.
>
> * * *
>
> But just for everyone's edification, when an electronic claim form comes in to the Commission, that date is the date we use for limitation[s] purposes. Now, if you never send in a signed copy, then, obviously, then we're at another issue. But in this case, they clearly did.

At the conclusion of the hearing, Commissioner Miraglia determined that the claim was not time-barred, and on June 12, 2012, issued an order stating the same.

On June 18, 2012, Respondents filed with the Commission a "Request for Rehearing," arguing that the Commission's June 12, 2012, decision was "incorrect as a matter of law." On July 11, 2012, the Commission denied the request for rehearing. On

July 18, 2012, Respondents filed in the Circuit Court for Baltimore City ("the circuit court") a petition for judicial review of the Commission's June 12, 2012, and July 11, 2012, decisions. On February 5, 2013, Respondents filed in the circuit court a motion for summary judgment, alleging that Hranicka's claim was barred by LE § 9-709(b)(3) and that, under COMAR 14.09.02.02A, electronic submission of a claim does not constitute "filing" of a claim. Hranicka filed a response in opposition to the motion for summary judgment as well as a request for a hearing, and the circuit court denied the motion for summary judgment.

Respondents appealed and, in an unreported opinion, the Court of Special Appeals reversed, holding that using the electronic submission date of the claim form for purposes of the statute of limitations instead of the date that the claim form is filed on paper with and date-stamped by the Commission is inconsistent with the Commission's regulations and incorrect as a matter of law.[2] Hranicka filed a petition for a writ of *certiorari*, which this Court granted. See Hranicka v. Chesapeake Surgical Ltd., 440 Md. 461, 103 A.3d 593 (2014).

**DISCUSSION**

Hranicka contends that the Court of Special Appeals erred concluding that the Commission could not generate a procedural rule to relate claims back to their electronic

---

[2]In a concurring opinion, although agreeing that Hranicka's claim was time-barred and that the Commission's practice of treating electronic submission as filing for purposes of the statute of limitations was contrary to law, one judge disagreed with the majority's statement that the Commission's website makes clear the distinction between electronic submission of a claim and filing a claim.

submission dates for purposes of the statute of limitations.[3]  Hranicka argues that COMAR 14.09.02.02A does not prohibit the Commission from accepting the date a claim form is electronically submitted by a claimant as the filing date.  Hranicka asserts that the Commission's website provides instructions indicating that a claim has been "filed" once the claim has been submitted electronically.  Hranicka maintains that one of the purposes of the Commission's Web-Enabled File Management System is to facilitate the electronic filing of workers' compensation claims.

Hranicka contends that, given the remedial nature of the Workers' Compensation Act and the principle that the Act should be construed liberally in favor of employees, any ambiguity concerning the filing date should be construed in his favor.  Hranicka asserts that, because Respondents knew of the claim as early as January 6, 2010, when the accident occurred, and because Respondents admitted in the circuit court that they were not prejudiced between the electronic submission and the paper filing, electronic submission of the claim was sufficient.

Respondents respond that the Court of Special Appeals correctly held that Hranicka's workers' compensation claim is time-barred.[4]  Respondents contend that COMAR 14.09.02.02A makes clear that electronic submission of a claim form does not constitute "filing."  Respondents argue that neither the Workers' Compensation Act nor the Commission's regulations permit, for purposes of the statute of limitations, a "relation

---

[3]The Maryland Association for Justice filed an *amicus* brief in support of Hranicka.
[4]The Maryland Defense Counsel, Inc. filed an *amicus* brief in support of Respondents.

back" to the date on which a claimant electronically submitted a claim form. Respondents assert that COMAR 14.09.02.02A(4) and (5) require an original signature for the filing of any document, and point out that an electronic submission does not contain an original signature.

Generally, in an appeal from judicial review of an agency action, we review the agency's decision directly, not the decision of the circuit court or the Court of Special Appeals. See Cosby v. Dep't of Human Res., 425 Md. 629, 637, 42 A.3d 596, 601 (2012) (citations omitted). "We must respect the expertise of the agency and accord deference to its interpretation of a statute that it administers[;] however, we may always determine whether the administrative agency made an error of law." Watkins v. Sec'y, Dep't of Pub. Safety and Corr. Servs., 377 Md. 34, 46, 831 A.2d 1079, 1086 (2003) (citations and internal quotation marks omitted). The Commission's decision "is presumed to be prima facie correct[.]" LE § 9-745(b)(1). That "presumption[, however,] does not extend to questions of law, which we review independently." Johnson v. Mayor and City Council of Balt., 430 Md. 368, 376, 61 A.3d 33, 37 (2013) (citation and internal quotation marks omitted). "We do, though, afford the Commission a degree of deference, as appropriate, in its formal interpretations of the Workers' Compensation Act." Montgomery Cnty. v. Deibler, 423 Md. 54, 60, 31 A.3d 191, 194 (2011) (citation omitted).

We have explained that "[a]n agency's interpretation of a regulation is a conclusion of law[,]" and that "a great deal of deference is owed to an administrative agency's interpretation of its own regulation." Crofton Convalescent Ctr., Inc. v. Dep't of Health & Mental Hygiene, Nursing Home Appeal Bd., 413 Md. 201, 215, 991 A.2d 1257, 1265

(2010) (citations and internal quotation marks omitted). Nevertheless, "[d]espite the deference, it is always within our prerogative to determine whether an agency's conclusions of law are correct. Accordingly, we determine whether the [agency]'s conclusions are plainly erroneous or inconsistent with the regulation." Id. at 215, 991 A.2d at 1265 (citations and internal quotation marks omitted). When we construe an agency's rule or regulation, "the principles governing our interpretation of a statute apply[.]" Christopher v. Montgomery Cnty. Dep't of Health and Human Servs., 381 Md. 188, 209, 849 A.2d 46, 58 (2004) (citations omitted). Thus, we look to the regulation's "plain language [as] the best evidence of its own meaning[,]" and "[w]hen the language is clear and unambiguous, our inquiry ordinarily ends there." Id. at 209, 849 A.2d at 58 (citations and internal quotation marks omitted).

Under the Workers' Compensation Act, "if a covered employee fails to file a claim within [two] years after the date of the accidental personal injury, the claim is completely barred." LE § 9-709(b)(3). The two-year limitations period does not begin to run, however, if the employer does not fulfill its responsibility to "report [an employee's] accidental personal injury[, where the accidental injury causes the employee to suffer disability for more than three days,] to the Commission within [ten] days after receiving oral or written notice of the disability[.]" LE § 9-707(a). Indeed, if the employer does not report the employee's accidental personal injury to the Commission within ten days, "the claim limitation period in [LE] § 9-709(b)(3) . . . does not begin to run until the employer files a report with the Commission in accordance with [LE] § 9-707[.]" LE § 9-708(b). Thus, where the employer files a report with the Commission within ten days after

- 7 -

receiving notice of an employee's disability, the limitations period begins to run as of the date of the accidental personal injury. However, where the employer files a report with the Commission later than ten days after receiving notice of an employee's disability, LE § 9-708(b) serves to toll the limitations period such that it does not begin to run until the date the employer's report is filed with the Commission.

Under LE § 9-309(a), the Commission has the authority to "adopt regulations to carry out" the Workers' Compensation Act. To that end, the Commission has promulgated certain regulations in Title 14, Subtitle 9 of COMAR. COMAR 14.09.02.02, contained in a chapter entitled "Requirements for Filing and Amending Claims," provides, in relevant part:

A. Claim for Benefits.

(1) To initiate a claim for benefits, an employee shall file a claim form with the Commission.

. . .

(4) The employee shall sign the claim form certifying that the information submitted on the claim form is accurate.

(5) When completing the claim form, the claimant shall sign an authorization for disclosure of health information directing the claimant's health care providers to disclose . . . the claimant's medical records that are relevant[.]

. . .

(7) The Commission shall reject and return to the claimant a claim form that does not contain a signed authorization for disclosure of health information.

(8) Date of Filing.

(a) A claim is considered filed on the date that a completed and signed claim form, including the signed authorization for

disclosure of health information, is received by the Commission.

(b) For any claim form that has not been rejected or returned as incomplete . . . , the Commission's date of receipt is determined by the date stamp affixed on the claim form.

(9) Electronic Submission.

**(a) A claim that is submitted electronically is not considered filed until the signed claim form, including the signed authorization for disclosure of health information, is received by the Commission.**

(b) The Commission's date of receipt is determined by the date stamp affixed on the claim form.

(Emphasis added).

Other regulations contained in the "General Administrative" chapter of Subtitle 9 of Title 14 of COMAR discuss the Commission's electronic system and electronic submissions. COMAR 14.09.01.01B(21) defines "'Web-Enabled File Management System' or 'WFMS' [as] the Commission's subscriber-based web-enabled electronic file management system designed to facilitate the filing and adjudication of workers' compensation claims." And COMAR 14.09.01.04A provides that "[f]orms and documents may be filed with the Commission by one of the following methods: (1) Electronically through the WFMS; (2) In person; or (3) By mail addressed to the Commission's principal office in Baltimore City." (Paragraph breaks omitted).

Upon review of the applicable COMAR regulations, even after giving deference to the Commission's interpretation of them, we hold that, pursuant to COMAR 14.09.02.02A, a claim is filed with the Commission when the claim is filed on paper with and date-

stamped by the Commission. In other words, pursuant to COMAR 14.09.02.02A, electronic submission of a claim does not constitute "filing" of a claim. COMAR 14.09.01.04A is a general regulation that does not govern the filing of claim forms; the more specific provisions of COMAR 14.09.02.02A apply to the filing of claim forms. Hranicka's claim is time-barred under LE § 9-709(b)(3) because it was not filed on paper with and date-stamped by the Commission until after expiration of the two-year deadline. As such, the Commission erred in ruling that the date of a claim could relate back, for purposes of the statute of limitations, to the date of the claim's electronic submission.

It is clear that, under the Workers' Compensation Act and COMAR, an employee must "file" a claim, and not simply "submit" a claim through the WFMS, to seek benefits for accidental personal injury. See LE § 9-709(b)(3) ("[I]f a covered employee fails to **file a claim** within [two] years after the date of the accidental personal injury, the claim is completely barred." (Emphasis added)); COMAR 14.09.02.02A(1) ("To initiate a claim for benefits, an employee shall **file a claim form** with the Commission." (Emphasis added)). COMAR 14.09.02.02A provides that an electronically submitted claim for benefits is not filed until the signed claim form is received and date-stamped by the Commission; *i.e.*, the date of the electronic submission is not dispositive. See COMAR 14.09.02.02A(8)(a)–(b) ("A claim is considered filed on the date that a completed and signed claim form . . . is received by the Commission. . . . [T]he Commission's date of receipt is determined by the date stamp affixed on the claim form."); COMAR 14.09.02.02A(9)(a)–(b) ("A claim that is submitted electronically is not considered filed until the signed claim form . . . is received by the Commission. [] The Commission's date

of receipt is determined by the date stamp affixed on the claim form."). Plainly put, COMAR 14.09.02.02A's language makes clear that a claim form must be filed on paper with and date-stamped by the Commission, and not simply electronically submitted, to constitute filing a claim for benefits. Nothing in the Workers' Compensation Act or COMAR permits the Commission to "relate back" the date of a claim to its electronic submission date. The Commission erred in utilizing the date that Hranicka electronically submitted his claim form "for limitation purposes" instead of the date that the Commission date-stamped the paper claim form; the Commission's determination was plainly erroneous and inconsistent with COMAR 14.09.02.02A.[5]

It is inconsequential that COMAR 14.09.01.04A provides that "[f]orms and documents may be filed with the Commission by one of the following methods: (1) Electronically through the WFMS[.]" That regulation concerns "general administrative" workings of the Commission and is not specific to the filing of claim forms.[6] Instead, it is clear from the structure of the regulations that the filing of claims is governed by COMAR

---

[5]As to whether the Commission regularly relates back, for purposes of the statute of limitations, the date a claim is filed on paper and date-stamped to the date the claim is electronically submitted, we have only Commissioner Miraglia's view on this point. Nothing in the record other than Commissioner Miraglia's ruling here indicates that such a practice does, in actuality, exist; and, in any event, such a practice would be contrary to the Commission's own regulations.

[6]Indeed, as Respondents' counsel posited at oral argument, with the exception of claim forms and accompanying authorization for disclosure of health information forms, there are any number of other types of forms that can be electronically filed through the WFMS and thus fall within the purview of COMAR 14.09.01.04A. For example, according to Respondents' counsel, parties are permitted to electronically file, without an original signature, document corrections, issues, requests for rehearing, requests for modification, entries of appearance of counsel, and requests to strike appearance of counsel.

14.09.02.02, which expressly provides that "[a] claim that is submitted electronically is **not** considered filed until the signed claim form, including the signed authorization for disclosure of health information, is received by the Commission."  COMAR 14.09.02.02A(9)(a) (emphasis added).  In any event, the canons of statutory interpretation—applicable to interpretation of regulations, see Christopher, 381 Md. at 209, 849 A.2d at 58 ("[T]he principles governing our interpretation of a statute apply when we interpret an agency rule or regulation."  (Citations omitted))—provide that where "two statutes, one general and one specific, are found to conflict, the specific statute will be regarded as an exception to the general statute[,]" and "[i]n such a situation, the specific statute is controlling and the general statute is repealed to the extent of the inconsistency." State v. Ghajari, 346 Md. 101, 116, 695 A.2d 143, 150 (1997) (citations and internal quotation marks omitted).  Thus, to the extent that COMAR 14.09.02.02A(9) conflicts with COMAR 14.09.01.04A(1), the more specific statute—COMAR 14.09.02.02A(9)— controls and must be given effect with respect to the filing of claim forms.  Because COMAR 14.09.02.02A(9) ("A claim that is submitted electronically is **not** considered filed until the signed claim form, including the signed authorization for disclosure of health information, is received by the Commission."  (Emphasis added).) is clear and unambiguous, our inquiry into the regulation's meaning ends there, and we need not address the regulation's history.  See Christopher, 381 Md. at 209, 849 A.2d at 58 (We look to a regulation's "plain language [as] the best evidence of its own meaning[,]" and "[w]hen the language is clear and unambiguous, our inquiry ordinarily ends there."

(Citations and internal quotation marks omitted)).[7]

We reject Hranicka's contention that the Commission's website provided instructions from which a claimant would have believed his or her claim had been filed once the claimant electronically submitted the claim form and sent a signed claim form within ten days. In January 2012, the Commission's website made clear that, to file a claim with the Commission, the electronically submitted claim form needed to be printed, signed, and mailed to the Commission; in other words, at the time of Hranicka's electronic submission, the Commission's website unmistakably instructed employees that electronically submitting the claim form was insufficient to file the claim form with the Commission. Specifically, on the page concerning the filing of a C-1 Claim Form, as of January 5, 2012, the Commission's website provided, in pertinent part, the following instructions:

[] This is the current Employee Claim Form that is required to submit your

---

[7]Indeed, for purposes of statutory interpretation, it is only "[i]f, after considering the plain language in its ordinary and common sense meaning, two or more equally plausible interpretations arise, [] then the general purpose, legislative history, and language of the act as a whole is examined in an effort to clarify the ambiguity." Uninsured Employers' Fund v. Danner, 388 Md. 649, 659, 882 A.2d 271, 277 (2005) (citation omitted). Thus, in the absence of any ambiguity in the relevant statutes and regulations, we also need not address the remedial nature of the Workers' Compensation Act or construe the statutes and regulations liberally in Hranicka's favor. Hranicka's counsel acknowledged as much at oral argument, stating that the remedial nature of the Workers' Compensation Act is not relevant unless there is an ambiguity and, if there is no ambiguity, then the statute or regulation is strictly read and "is what it says it is." Cf. Buskirk v. C.J. Langenfelder & Son, Inc., 136 Md. App. 261, 270, 764 A.2d 857, 862 (2001) (When discussing the limitations provision of LE § 9-736, the Court of Special Appeals stated: "Ordinarily, remedial legislation is construed liberally in favor of injured employees in order to effectuate the legislation's remedial purpose. This general rule of construction does not apply to limitations provisions[.]" (Citations and internal quotation marks omitted)).

claim to the Commission.

. . .

[] The Online Employee Claim Form C-1 MUST be completed online – on your PC – using Formatta Filler. The form MAY NOT be printed blank and completed offline by hand or reused for another claim; such forms are returned. The completed/submitted form must be printed ON WHITE PAPER –via the SUBMIT button on page 1 of the form- must display the date stamp at the bottom of the form, must be signed where indicated on page 1 and page 2 by the injured worker and must be mailed to the Commission in a timely manner (within 10 business days) to file your claim.

"Employee Claim Form C-1 Online – MD WCC WebForm Instructions" (Jan. 5, 2012),

available at https://web.archive.org/web/20120105021510/http://www.wcc.state.md.us/W

FMS/C1_WebForms.html.[8]   The Commission's website stated that "Maryland Law

requires that an Employee Claim Form C-1 signed by the injured worker be sent

(mailed/delivered) to the Workers' Compensation Commission to file a claim[,]" and that

"[i]f you fail to send the signed form to the [Commission], [the Commission] will send you

a notice that your signed Employee Claim Form C-1 has not been received and you[r] claim

is not filed." Id.  In January 2012, at the time Hranicka electronically submitted the claim

form, the Commission's website also stated, in no uncertain terms:

If you fail to send your signed form to the [Commission] within 10 days, you will receive a notice from the [Commission] stating that your submitted data will be deleted and your claim WILL NOT BE FILED if you do not mail a properly completed and signed form to the [Commission]. If you do not respond as instructed on the Notice, your claim information will be deleted,

---

[8]Although the Commission's website has changed since 2012, the website as it existed on January 5, 2012, is still available courtesy of the Wayback Machine, an internet database administered and maintained by the Internet Archive, a 501(c)(3) non-profit organization that has built an internet library to preserve "historical collections that exist in digital format." "About the Internet Archive," Internet Archive, https://archive.org/about/ (last visited May 20, 2015).

your claim will NOT be filed.

Id. As of March 6, 2012—the next date after January 5, 2012, that the Commission's website was archived and saved—the above-quoted language on the Commission's website had not changed; *i.e.*, the Commission's website's instructions on January 17, 2012, when Hranicka electronically submitted his claim form, were the same as they had been on January 5, 2012. See "Employee Claim Form C-1 Online – MD WCC WebForm Instructions," (Mar. 6, 2012), available at https://web.archive.org/web/20120306171751/h ttp://www.wcc.state.md.us/WFMS/C1_WebForms.html. In our view, the instructions on the Commission's website, as they existed at the time Hranicka submitted his claim form electronically on January 17, 2012, are consistent with, and reinforce, the regulatory language that provides that electronically submitting a claim form does not constitute filing of the claim itself.[9]

In addition to the unambiguous language of COMAR and the Commission's website's instructions indicating that a claim form must be filed and not simply electronically submitted, COMAR 14.09.02.02A(4) and (5) require that the employee both

---

[9]The Commission's website has since been updated, and currently provides, in pertinent part, in red lettering: "Your claim is not filed until you complete the form, submit it online then print, sign and mail the form (pages 1 and 2) to the Commission. Your claim filed date is the date we have accepted and processed the signed form." "Employee Claim Form C-1 Online – MD WCC WebForm Instructions," Maryland Workers' Compensation Commission, http://www.wcc.state.md.us/WFMS/C1_WebForms.html (last visited May 20, 2015). Nonetheless, the Commission's website still includes much of the language that was included on the website in January 2012; thus, although the revisions may further clarify the Commission's website's instructions, as discussed above, the Commission's website's instructions in 2012 were unambiguous and provided, as they do now, that electronically submitting a claim form is insufficient to file a claim with the Commission.

"sign the claim form" and "sign an authorization for disclosure of health information[.]" Indeed, under COMAR 14.09.02.02A(7), "[t]he Commission shall reject and return to the claimant a claim form that does not contain a signed authorization for disclosure of health information." The same instructions were provided on the website in January 2012. See "Employee Claim Form C-1 Online – MD WCC WebForm Instructions," (Jan. 5, 2012), available at https://web.archive.org/web/20120105021510/http://www.wcc.state.md.us/WFMS/C1_WebForms.html ("The completed/submitted form must be printed . . . , must be signed where indicated on page 1 and page 2 by the injured worker and must be mailed to the Commission in a timely manner (within 10 business days) to file your claim. . . . All claim forms submitted to the Commission MUST be signed personally by the injured worker . . . [and] mailed as soon as possible. . . . An incomplete claim form that does not include the signed Authorization for Disclosure of Health Information . . . will be rejected and returned to the claimant."). In other words, electronically submitting the claim form is not tantamount to "signing" the claim form or "signing" the authorization for disclosure of health information form—two requirements for filing a claim—and the online form does not provide for electronic signatures, but instead requires the claimant to print the completed/submitted claim form and sign; *i.e.*, an original signature is required.

We are unpersuaded by Hranicka's reference to the existence of the Maryland Electronic Courts ("MDEC") Project and similar electronic court case filing systems in other jurisdictions, for the proposition that workers' compensation claim forms may be filed electronically. MDEC was implemented after extensive study and substantial amendments to the Maryland Rules. Although this Court certainly endorses and supports

the advent of electronic filing in Maryland courts, the Commission has not promulgated regulations implementing or governing a procedure for the electronic filing of workers' compensation claims. Absent such regulations, this Court is unable to determine that submission of a claim through the WFMS is the equivalent of electronic filing of a claim, and that the date of an electronic filing may be used for purposes of the statute of limitations. As a practical matter, without implementing regulations, it is unclear how the Commission would handle the required filing of authorization for disclosure of health information forms using an electronic filing system; as discussed above, these forms are required for filing a claim with the Commission. See COMAR 14.09.02.02A(5), (7). As another matter, it is unclear whether the Commission would permit scanned signatures or would create an electronic signature process for the filing of claims, which currently must be signed by the injured employee and then sent to the Commission. See COMAR 14.09.02.02A(4). In short, absent regulations governing the electronic filing of claims, this Court will not read into the existing regulations procedures for electronic filing of workers' compensation claims. To be clear, nothing in this opinion precludes the Commission from promulgating new regulations to permit electronic filing of claims, nor are we expressing a preference that workers' compensation claims necessarily be filed in paper form. We simply hold that, currently, under COMAR, electronic submission of claim forms does not constitute filing.

Here, it is undisputed that Hranicka was injured in a motor vehicle accident on January 6, 2010, that he suffered a disability lasting longer than three days, and that the Employer was made aware of the injury and subsequently submitted to the Commission a

"First Report of Injury or Illness," which the Commission received on January 21, 2010. In other words, because the Employer's report was not submitted within ten days after receiving notice of Hranicka's disability, pursuant to LE § 9-708(b), the statute of limitations on Hranicka's claim was tolled until January 21, 2010, at which point the two-year clock began to run. Thus, pursuant to LE § 9-709(b)(3), Hranicka had two years from the date on which the Commission received the Employer's "First Report of Injury or Illness," *i.e.*, until January 21, 2012, to "file a claim" with the Commission. The question thus becomes whether Hranicka's second C-1 Claim Form, electronically submitted on January 17, 2012, but not filed on paper with and date-stamped by the Commission until January 24, 2012, was filed for purposes of the statute of limitations on January 17, 2012, thereby making it timely filed, or was filed on January 24, 2012, thereby making it untimely filed and barred.

In agreement with the Court of Special Appeals, we conclude that the clear language of COMAR 14.09.02.02A and the Commission's website's instructions provided at the time of Hranicka's electronic submission of the second claim—and continue to provide—that electronic submission of a claim form does not satisfy the requirement for "filing" a claim, and, therefore, the date of electronic submission is not controlling in determining whether a claim was filed within the two-year limitations period. Thus, the Commission plainly erred in ruling that the filing date of Hranicka's claim related back, for purposes of the statute of limitations, to the date of the claim's electronic submission.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.**

Circuit Court for Baltimore City
Case No. 24-C-12-004313
Argued: May 7, 2015

IN THE COURT OF APPEALS

OF MARYLAND

No. 83

September Term, 2014

_____

MARK G. HRANICKA

v.

CHESAPEAKE SURGICAL, LTD., ET AL.

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Concurring Opinion by McDonald, J., which
Barbera, C.J., and Greene, J., join.

_____

Filed: June 18, 2015

I reluctantly concur in the judgment.

Not all claimants have counsel. Perhaps in light of that, the Legislature has directed the Commission to "adopt reasonable and proper regulations to govern the procedures of the Commission, *which shall be as simple and brief as reasonably possible."* Maryland Code, Labor & Employment Article ("LE"), §9-701(a) (emphasis added). That is easier said than done, as this case illustrates.

The Commission has adopted an electronic filing system. In regulation it portrays that system as one of three alternative ways of filing forms and documents with the Commission. COMAR 14.09.01.04.[1] Only a very careful reading of the Commission's other regulations and website reveals that (1) a claimant in fact has no choice but *must* use the electronic filing system to submit a claim form and (2) that submission of a claim form on that system is not the *filing* of a claim. In other words, a claimant must submit the claim *both* electronically and

---

[1]The current regulation reads:

**04 Filing Forms and Documents with the Commission.**

A. Forms and documents may be filed with the Commission by *one* of the following methods:

(1)    Electronically through the [Web-Enabled File Management System];

(2)    In person; *or*

(3)    By mail addressed to the Commission's principal office in Baltimore City.

COMAR 14.09.01.04 (emphasis added).

in hard copy to "file" it before the expiration of the two-year period of limitations set forth in LE §9-709(b)(3).  In this case, Mr. Hranicka submitted the electronic copy in a timely manner, but the hard copy was received at the Commission one day late.[2]

It is also confusing that, while a regulation defines the date for a claim to be the "date stamp affixed on the claim form,"[3] the Commission actually "affixes" two different dates to the form – one placed in a special box on the bottom of the form as part of the electronic filing process, and a second date, apparently placed on the hard copy when it is physically received at the Commission.  The electronically-affixed date apparently is not the "filing date," although it is the date that the Commission's website insists must appear on the filed copy.[4]

---

[2]The claim had to be filed with the Commission within two years of January 21, 2010. Because January 21, 2012 fell on a Saturday, the actual deadline was Monday, January 23, 2012.  *See* Maryland Code, General Provisions Article, §1-302; *Grayson v. State*, 354 Md. 1, 14, 728 A.2d 1280 (1999).  According to the electronic time stamp on the claim, Mr. Hranicka submitted it on January 17, 2012.  The mailed copy was physically stamped in by someone at the Commission on Tuesday, January 24, 2012.

[3]COMAR 14.09.02.02A(9)(b).

[4]The website currently states, as it did when Mr. Hranicka submitted his claim in 2012:

> The completed/submitted form must be printed ON WHITE PAPER, *must display the date stamp at the bottom of the form*, must be signed where indicated on page 1 and page 2 by the injured worker and must be mailed to the Commission in a timely manner ( such as within 10 business days) to file your claim."

(continued...)

This leads me to second the sentiment expressed by Judge Kehoe in his concurring opinion in the unreported decision of Court of Special Appeals in this case:

> In today's world, and identifying just a few of the myriad of transactions that routinely take place over the Internet, millions of individuals purchase health and motor vehicle insurance, make banking transactions, buy goods and services, apply to colleges, and file tax returns by doing essentially what Mr. Hranicka did in this case – filling out a form on an Internet webpage and then clicking a "submit" or "send" icon. I am not at all surprised that Mr. Hranicka failed to grasp that submitting a claim form to the Commission is not the same thing as filing a claim with the Commission.
>
> . . .
>
> I understand that the Commission, for reasons of its own, prefers claim forms to be submitted both electronically and on paper. I concede that a thorough reading of the webpage will eventually lead to the realization – counterintuitive to many individuals in this era of Internet commerce – that "submitting a claim form" is different from "filing a claim" and that, until a signed paper copy of the claim form is received by the Commission, no claim is filed. But I am at a loss to understand why the Commission has chosen to bury this critical information in the fine print on its website.

*Chesapeake Surgical, Ltd., et al. v. Hranicka*, No. 0327 (Sept. Term, 2013) (concurring Opinion by Kehoe, J.), at 1-2.

---

[4](...continued)
(emphasis added). See <http://www.wcc.state.md.us/WFMS/C1_WebForms.html> (last visited June 8, 2015). The date stamp at the bottom of the form is the date added by the electronic filing system.

3

It appears that, subsequent to the Court of Special Appeals decision and perhaps in light of it, the Commission revised its website to make the instructions concerning the filing of a hard copy of the electronic submission more prominent.

At the hearing before the Commission in this case, Commissioner Miraglia outlined a very sensible approach under which the date of electronic submission of a claim is considered to be the filing date unless the claimant fails to follow through with the claimant's signed form and authorization for disclosure of health information. This approach is similar to the treatment of electronic submissions under this Court's rules for electronic filing in the courts. *See* Maryland Rules 20-202, 20-406. Moreover, identifying the submission of the electronic claim form as the key date for limitations purposes would also be consistent with the longstanding statutory policy that the Workers Compensation Law is to be "construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes,"[5] particularly in a case such as this one where the employer concedes that Mr. Hranicka suffered a work-related injury and the insurer concedes that it was not prejudiced by the fact that the signed hard copy arrived at the Commission one day late. While the practice espoused by the Commissioner in this case is in accord with other electronic filing systems and serves the underlying policy of the Workers Compensation Act,

---

[5]*Montgomery County v. Deibler*, 423 Md. 54, 61, 31 A.3d 191 (2011) (citations and quotation marks omitted).

4

the language of the Commission's regulation that requires a paper submission to "file" a claim is an impediment.

Nothing prevents the Commission from revising its regulations to adopt the approach expressed by Commissioner Miraglia.  Indeed, it might well help the Commission carry out the General Assembly's direction to adopt procedures "as simple and brief as reasonably possible."

Chief Judge Barbera and Judge Greene have authorized me to state they join in this opinion.